FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 2 5 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> ) <br> TARIQ AHMAD, ) <br> ) <br> Defendant. ) <br> ) | 08-CR-460 <br><br> Statement of Reasons Pursuant to <br> 18 U.S.C. § 3553(c)(2) |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456,

1

2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On September 18, 2008, Tariq Ahmad, a citizen of Pakistan, was found guilty by jury verdict on Counts One and Two of a two-count indictment. Count One charged the defendant with possessing and using a United States Permanent Resident Card issued in the name of another person, knowing the document was procured by means of a false statement and by fraud, in violation of 18 U.S.C. § 1546(a). Count Two charged the defendant, in relation to the crime charged in Count One, with aggravated identity theft – to wit, knowingly and intentionally possessing and using means of identification of another person without lawful authority, specifically, a United States Permanent Resident Card, in violation of 18 U.S.C. § 1028A(a)(1). Count One carried a maximum term of imprisonment of ten years. See 18 U.S.C. § 1546(a). Count Two carried a mandatory term of imprisonment of two years, consecutive to any other term of imprisonment. See 18 U.S.C. § 1028A(a)(1) and (b).

The Presentence Report ("PSR") calculated the total offense level of twelve. The defendant objected to the calculation of the total offense level of twelve. It was contended that his testimony at trial did not warrant the two-level enhancement for obstruction of justice included in the PSR. The government argued to the contrary. Based on the trial record, the court did not find perjury or obstruction of justice and did not grant the proposed two-level enhancement. There was substantial ambiguity as to the circumstances of the charged offenses. The jury's determination that the defendant's testimony was not credible did not warrant a judicial finding of obstruction of justice.

The court determined the total offense level to be ten. Ahmad's criminal history category was calculated to be one. With a total offense level of ten and a criminal history category of one, the guidelines called for a sentence range of six to twelve months on Count One. On Count Two, the mandatory term of imprisonment of years was required to run consecutively to the term of imprisonment imposed on Count One. See 18 U.S.C. § 1028A(b).

At the sentencing hearing on March 12, 2009, the court considered all elements of 18 U.S.C. § 3553(a). It sentenced Ahmad to twenty-five months imprisonment: one month imprisonment on Count One and twenty-four months imprisonment on Count Two, to run consecutively, and three years supervised release. A $200 special assessment was imposed, payable forthwith without interest. No fine was imposed because Ahmad does not, and likely will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The defendant is well educated; he received a college degree in Pakistan. He is a hard and conscientious worker, having had success as a car service driver and gas station attendant, among other employment positions. He has consistently paid taxes while living and working in the United States. A substantial amount of his earnings have been sent to his wife, young children, and elderly parents in Pakistan. He suffers significant pain in his arm, the consequence of a serious accident in 2001, which requires ongoing medical attention. All of these factors support

a sentence pursuant to 18 U.S.C. § 3553(a) that is below the calculated sentencing guidelines range of imprisonment for Count One.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. Specific deterrence is likely not required for this defendant; his substantial period of incarceration in federal custody and subsequent deportation sufficiently satisfies this sentencing consideration. General deterrence is also satisfied by the harsh sentence. The sentence will send a clear message that criminal acts of identity fraud will result in a substantial prison sentence.

It is unlikely that the defendant will engage in further criminal activity in light of his family circumstances, health, and demonstration of remorse.

Jack B. Weinstein
Senior United States District Judge

Dated: March 16, 2009
       Brooklyn, New York